Green, J.
delivered the opinion of the court.
1st. The plaintiff in error insists the court erred, because his honor did not tell the jury that in a contract of sale, or return, the stipulation of a price is essential to a contract of sale.
We do not think this omission is any ground for reversing *471 the judgment. The judge stated, that “it is a general principle applicable to all personal property, that when goods are delivered on sale or return, they must be returned in a reasonable time, or the sale becomes absolute.” “What is reasonable or unreasonable time, in such cases is a question of fact for the jury, and must depend, in a great degree upon the nature of the property. So if a slave be delivered by one person to another on trial, with a view to a sale, and the latter retains the slave for an unreasonable time, the former may regard it as a sale and recover the price.”
It is not alledged that there is any error in what the judge did say upon this subject; and from the charge of the court, it would seem, there was no controversy as to whether a price was stipulated or not. If the plaintiff had desired it, his hon- or would doubtless have been more explicit. But he told them if the negro were not returned in a reasonable time, the person who delivered her on trial had a right to recover the price. By price, of course, he meant the sum stipulated to be given, in case she was retained after trial.
2. It is insisted his honor erred, in stating to the jury, that “an attorney has no right to purchase real estate for his client, under the client’s execution, unless specially authorised.”
There is certainly no error in this instruction. It may be very true, as the plaintiff’s attorney argues, that a client’s interest may be often promoted, by permitting the attorney to purchase the real estate of a failing debtor, but to hold that the power to do so, exists, merely by virtue of his agency as attorney for the collection of the debts, would be without precedent, in violation of principle, and of most mischievous tendency in practice. Nor do the circumstances of the country call for the establishment of any such principle. Our facilities of communication are such, that an attorney may easily apprise his client of the circumstances of the debtor, and obtain special authority to act for his interest.
If he has no such authority, he purchases at his peril, and becomes responsible for the debt, at the pleasure of the client.
There is no error in the charge of the court, and counsel do not insist that a new trial should be granted on the evidence.
Affirm the judgment.